1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                        CENTRAL DISTRICT OF CALIFORNIA
10
11
12    JENNIFER EMILY HUYNH RUDD,        )    Case No. CV 14-1678-KK
                                        )
13                          Plaintiff,  )
                                        )
14            v.                        )    ORDER GRANTING MOTION FOR
                                        )    ATTORNEY'S FEES PURSUANT TO §
15    CAROLYN W. COLVIN, Acting         )    406(b) OF THE SOCIAL SECURITY
      Commissioner of Social Security,  )    ACT
16                                      )
                            Defendant.  )
17    _____ )

18                                    **I.**

19                             **INTRODUCTION**

20         On October 28, 2015, plaintiff Jennifer Emily Hunyh Rudd's ("Plaintiff's")

21    counsel, Erika Bailey Drake and Roger D. Drake ("Counsel"), filed a Motion for

22    Attorney's Fees Pursuant to 42 U.S.C. § 406(b) ("Motion").  ECF Docket No. ("Dkt.")

23    24.  The Motion seeks an award in the net amount of $10,763.50 for representing Plaintiff

24    in an action to obtain disability insurance benefits and supplemental security income,

25    with no offset by the Equal Access to Justice Act ("EAJA") fees previously awarded

26    because the EAJA fees were garnished.  Id. at 1.

27         The parties have consented to the jurisdiction of the undersigned United States

28    Magistrate Judge, pursuant to 28 U.S.C. § 636(c).  Dkt. 18.  For the reasons stated below,

                                         1

the Court grants the Motion.

## II.

## RELEVANT BACKGROUND

On March 6, 2014, Plaintiff filed the complaint in this action. Dkt. 1 at 1. Plaintiff alleged Defendant had improperly denied Plaintiff's applications for disability insurance benefits and supplemental security income. Id. at 2-3. On October 14, 2014, the Court found defendant Carolyn W. Colvin ("Defendant") erred in denying Plaintiff disability insurance benefits and supplemental security income, and entered Judgment reversing and remanding the case to Defendant for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Dkt. 21 at 1. On remand, Defendant stated she would withhold $16,763.50 as twenty-five percent of Plaintiff's past due benefits "in case [she] need[ed] to pay [Plaintiff's] lawyer." Dkt. 24-2 at 2.

On December 10, 2014, the Court awarded EAJA fees to Counsel in the amount of $3,000.00, but the Department of Treasury garnished the award to satisfy some of Plaintiff's past-due child support payments. Dkt. 23; Dkt. 24-1 at 1. Thus, the EAJA fee award was never paid to Counsel. Dkt. 24 at 1. Counsel asserts, and Defendant concedes, that Counsel should not be ordered to reimburse Plaintiff the EAJA fee award in the amount of $3,000.00. Id. at 1. Accordingly, the Court declines to order reimbursement of the EAJA fees to Plaintiff.

On October 28, 2015, pursuant to 42 U.S.C. § 406(b), Counsel filed the instant Motion seeking the amount of $10,763.50 for representing Plaintiff in the underlying proceedings before the Court. Dkt. 24 at 1. In addition, Counsel states it will apply for "administrative fees for work done before the Commissioner in the amount of $6,000.00." Id. at 3. Therefore, because Defendant withheld $16,763.50 from Plaintiff's past due benefits, Counsel's Motion requests that amount less the administrative fees of $6,000.00. Id. Counsel also states 16.4 hours of attorney time were expended, id. at 6-7, and seeks compensation pursuant to a contingency fee agreement stating Counsel's "fee for successful prosecution of this matter after an unfavorable ALJ decision is 25% of the

2

back benefits awarded upon reversal of any unfavorable ALJ decision," Dkt. 24-3 at 1.

On October 28, 2015, Plaintiff was served with the Motion and informed she had a right to file a response to the Motion.  Dkt. 24 at 8.  However, Plaintiff failed to file a response.  On November 2, 2015, Defendant filed a response to the Motion stating she "has no objection to an award of § 406(b) fees within the[] terms" the Motion set forth. Dkt. 25 at 2.

## III.

## DISCUSSION

42 U.S.C. § 406(b) ("Section 406(b)") provides, in part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A).  Thus, "a prevailing [disability] claimant's [attorney's] fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits."  Gisbrecht v. Barnart, 535 U.S. 780, 792, 125 S. Ct. 1817, 151 L. Ed. 2d 996.

Where a claimant entered into a contingent fee agreement with counsel, a court must apply Section 406(b) "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel."  Id. at 793.  A court should not use a "lodestar method," under which a district court "determines a reasonable fee by multiplying the reasonable hourly rate by the number of hours reasonably expended on the case."  Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009) (en banc) (citation omitted).  Rather, where the claimant and counsel entered into a lawful contingent fee agreement, courts that use the "lodestar" method as the starting point to determine the

3

1    reasonableness of fees requested under Section 406(b) improperly "reject the primacy of

2    lawful attorney-client fee agreements." <u>Gisbrecht</u>, 535 U.S. at 793.  Thus, courts should

3    not apply lodestar rules in cases where the claimant and counsel reached a contingent fee

4    agreement because "[t]he lodestar method under-compensates attorneys for the risk they

5    assume in representing [social security] claimants and ordinarily produces remarkably

6    smaller fees than would be produced by starting with the contingent-fee agreement.  A

7    district court's use of the lodestar to determine a reasonable fee thus ultimately works to

8    the disadvantage of [social security] claimants who need counsel to recover any past-due

9    benefits at all." <u>Crawford</u>, 586 F.3d at 1149.

10          However, even in contingency fee cases, a court has "an affirmative duty to assure

11   that the reasonableness of the fee [asserted by counsel] is established." <u>Id.</u>  The court

12   must examine "whether the amount need be reduced, not whether the lodestar amount

13   should be enhanced." <u>Id.</u>  The court may consider factors such as the character of the

14   representation, the results achieved, the ratio between the amount of any benefits awarded

15   and the time expended, and any undue delay attributable to counsel that caused an

16   accumulation of back benefits in determining whether a lawful contingent fee agreement

17   is reasonable.  <u>See</u> <u>Gisbrecht</u>, 535 U.S. at 808; <u>Crawford</u>, 586 F.3d at 1151.

18          Here, Counsel seeks a reasonable fee under Section 406(b).  Plaintiff retained

19   Counsel to represent her in federal court in her appeal from the administrative denial of

20   disability insurance benefits, and agreed to pay Counsel a contingent fee of twenty-five

21   percent of any past due benefits obtained.  Dkt. 24-3 at 1.  Consideration of the factors set

22   forth in <u>Gisbrecht</u> and <u>Crawford</u> warrants no reduction of the fee Counsel seeks.  Counsel

23   obtained a favorable outcome for Plaintiff, ultimately resulting in a remand for further

24   administrative proceedings and an award of past due benefits.  <u>See</u> Dkt. 21; Dkt. 24-3 at

25   1.  Further, the record discloses no issue regarding the quality or efficiency of Counsel's

26   representation before this Court, or any misconduct or delay by Counsel.  Moreover, the

27   time expended to litigate this case was reasonable and within the approved range for

28   social security disability cases.  <u>See</u> <u>Patterson v. Apfel</u>, 99 F. Supp. 2d 1212, 1214 & n.2

4

1  (C.D. Cal. 2000) (noting that "a survey of several dozen cases in which attorney's fees

2  were awarded in social security cases suggests that the 33.75 hours spent by plaintiff's

3  counsel falls within the approved range").

4        In addition, a fee of $10,763.50 based on 16.4 hours of legal services is reasonable.

5  See Dkt. 24 at 3, Dkt. 24-4.  The Court finds Counsel's effective hourly rate of

6  approximately $656.31 reasonable under the circumstances, especially considering

7  Crawford found reasonable Section 406(b) fees with effective hourly rates exceeding the

8  effective hourly rate Counsel requests.  See Crawford, 586 F.3d at 1153 (explaining that

9  the majority opinion found reasonable effective hourly rates equaling $875 and $902) (J.

10  Clifton, concurring in part and dissenting in part); see also id. at 1145-46, 1151; Villa v.

11  Astrue, 2010 WL 118454, at *1-2 (E.D. Cal. Jan. 7, 2010) (approving Section 406(b) fees

12  exceeding $1,000 per hour, and noting that "[r]educing [Section] 406(b) fees after

13  Crawford is a dicey business").  Further, post-Gisbrecht decisions have approved

14  contingent fee agreements yielding hourly rates greater than the rate Counsel seeks.  E.g.,

15  Brown v. Barnhart, 270 F. Supp. 2d 769, 773 (W.D. Va. 2003) (fee equivalent to $977.20

16  per hour awarded, after district court rejected a larger amount); Santino v. Astrue, 2009

17  WL 1076143, at *4 (N.D. Ind. Apr. 20, 2009) (noting that the court had previously

18  awarded Section 406(b) attorney fees equivalent to more than $1,000 per hour); Claypool

19  v. Barnhart, 294 F. Supp. 2d 829, 833-34 (S.D. W. Va. 2003) (court awarded fee

20  amounting to $1,433.12 per hour); Daniel v. Astrue, 2009 WL 1941632, at *2-3 (C.D.

21  Cal. July 2, 2009) (approving fees amounting to $1,491.25 per hour).  Hence, in light of

22  the hours Counsel expended, the Section 406(b) fee award amount Counsel requests

23  would not represent an unfair windfall to Counsel.

24        Finally, nothing in the record before the Court suggests any overreaching in the

25  making of the fee agreement or any impropriety on the part of Counsel in representing

26  Plaintiff.  Counsel assumed the risk of nonpayment inherent in a contingency agreement,

27  the fee falls below the twenty percent statutory cap, and Counsel's efforts proved

28  successful for Plaintiff.  Moreover, Plaintiff had an opportunity to oppose Counsel's

5

1   Motion, but did not do so.  Accordingly, the Court finds reasonable the Section 406(b)

2   fees Counsel requests.

3 **IV.**

4 **ORDER**

5       Based on the foregoing, IT IS HEREBY ORDERED:  (1) Counsel's Motion for

6   Attorney's Fees is granted; and (2) Defendant is directed to pay Counsel the sum of

7   $10,763.50, with no reimbursement to Plaintiff for EAJA fees previously awarded.

8

9

10

11   DATED: November 16, 2015          _____

12                               HONORABLE KENLY KIYA KATO

                              UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28